Richard A. Hearn (ISB# 5574)
John J. Bulger (ISB# 8375)
Hearn Law PLC
155 S. 2nd Ave – PO Box 70
Pocatello, ID 83204
Telephone: 208-904-0004
FAX: 208-904-1816
hearn@hearnlawyers.com
bulger@hearnlawyers.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRETT HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>FAITH TECHNOLOGIES, INC., a Wisconsin Corporation.<br><br>    Defendant. | **CASE NO. 4:18-CV-176**<br>**COMPLAINT** |

COMES NOW the above-entitled Plaintiff BRETT HARRIS, through his counsel of record, HEARN LAW, PLC, and hereby seeks redress against Defendant, FAITH TECHNOLOGIES, INC., a Wisconsin corporation, for violations of his FMLA rights; for wrongful termination of employment; retaliation; and for intentional and/or negligent infliction of emotional distress.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1332, and 28 USC § 1367(a).

2. Venue is proper in this Judicial District under 28 USC § 1391(b) and (c) because Plaintiff resides in this district, and all events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

3.     PLAINTIFF BRETT HARRIS is a resident of Bannock County, Idaho, and at all times relevant hereto, was an employee of the Defendant FAITH TECHNOLOGIES, INC.

4.     At all times relevant hereto the DEFENDANT FAITH TECHNOLOGIES, INC., (hereafter "FTI"), is and was a Wisconsin corporation, that was authorized to and was doing business within the State of Idaho, generally within the design and construction industry.

5.     At all times relevant, FTI has been continuously engaged in an industry affecting commerce.

## FACTS UPON WHICH PLAINTIFF'S CLAIMS ARE BASED

6.     Plaintiff Brett Harris (hereafter "Harris") began working for FTI in November 2015.

7.     Harris worked at numerous sites for FTI in various locations during his employment, including in Idaho, Oregon and Utah. At the time of his injury, Harris was the division manager for the Idaho group and was serving as the acting project manager for FTI on an Idaho project site. Given his management position, the Wisconsin headquarters of FTI was his worksite.

8.     Harris was working in Kuna, Idaho, on December 6, 2016, at an FTI project at the CS Beef process plant.

9.     Harris was performing a walk-through of the facility on December 6, 2016. While on the roof, Harris slipped and fell. He was immediately aware that he had injured his back in the fall. He promptly notified the FTI superintendent of his injury and left the work site to seek medical attention.

10.    Harris received medical attention on December 7, 2016 at the Physicians Immediate Care Center in Chubbuck, Idaho.

11.     Harris filed a worker's compensation claim the day following his injury, December 7, 2016.

12.     On December 9, 2016, Harris was notified by an employee in FTI's human resources department and by his immediate supervisor, Eric Deering, that he was being terminated from employment.

13.     At the time of his termination, Harris was a full-time employee working 40 or more hours a week.

14.     Harris was receiving annual gross wages in the sum of approximately $130,000 at the time of his termination.

15.     Harris was made aware of FTI's coverage under the federal Family and Medical Leave Act prior to his injury.

## COUNT I
### (Wrongful Termination)

16.     Harris realleges and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein and incorporates the same by reference.

17.     FTI terminated Harris' employment two days after he reported his injury. Discharging an employee for filing a worker's compensation claim is a recognized public policy violation.

18.     FTI terminated Harris' employment because he filed a worker's compensation claim.

19.     FTI's termination of Harris constitutes interference with the exercise of rights provided by the FMLA, 29 C.F.R. § 825.220(b).

20.     Because of the actions and conduct of FTI, Harris was discharged from employment in violation of applicable state and federal law. Harris has been damaged in an amount exceeding $75,000, to be proved at trial.

21. Because of FTI's oppressive, malicious and outrageous conduct as alleged, Harris is entitled to recover punitive damages from FTI in an amount to be determined at trial.

## COUNT II
### (Retaliation)

22. Harris realleges and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein and incorporates the same by reference.

23. FTI retaliated against Harris by terminating his employment because he filed a worker's compensation claim.

24. FTI retaliated against Harris by terminating his employment because he would have been eligible to receive FMLA benefits.

25. Notifying an employer of a job-related injury for purposes of worker's compensation is a protected activity under state law. Harris suffered an adverse employment action by his termination, just two days after he filed his worker's compensation claim.

26. Because of the retaliation Harris experienced as a result of this action, he has been damaged in an amount exceeding $75,000, to be proved at trial.

27. Because of FTI's oppressive, malicious and outrageous conduct as alleged, Harris is entitled to recover punitive damages from FTI in an amount to be determined at trial.

## COUNT III
### (FMLA Violation)

28. Harris realleges and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein and incorporate the same by reference.

29. In terminating Harris' employment two days after he was injured, FTI prevented Harris from requesting leave under the Family Medical Leave Act, thereby interfering with his FMLA rights, 29 C.F.R. § 825.220(b).

30. FTI has violated the FMLA, 29 USC § 2617, and because of the actions of FTI, Harris has been damaged in an amount exceeding $75,000.00 to be proved at trial.

## COUNT IV
### (Intentional and/or Negligent Infliction of Emotional Distress)

31. Harris realleges and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein and incorporates the same by reference.

32. Due to the intentional and/or negligent infliction of emotional distress caused by the action and inaction of TFI as detailed herein above, Harris has suffered emotional injuries that have manifested themselves in physical symptoms and injuries including, but not necessarily limited to, depression, sleep disorders, reduced libido, fatigue, loss of appetite and emotional instability.

33. TCI is liable for the intentional and/or negligent infliction of emotional distress caused by its action and inaction as detailed herein above and experienced by Harris.

34. As a result of the intentional and/or negligent infliction of emotional distress caused by the action and inaction of FTI as detailed herein above, Harris has sustained general damages for past, present, and future pain and suffering and loss of enjoyment of life and/or other general damages, all in an amount exceeding $75,000, to be proven at trial.

35. As a result of the intentional and/or negligent infliction of emotional distress caused by the action and inaction of FTI as detailed herein above, Harris has sustained special damages for medical treatment, all in an amount to be proven at trial.

36. Because of FTI's oppressive, malicious and outrageous conduct as alleged, Harris is entitled to recover punitive damages from FTI in an amount to be determined at trial.

## ATTORNEYS FEES

37. As a direct and proximate result of the actions and/or failures to act by Defendant FTI, Plaintiff Harris been compelled to retain the services of counsel, and has thereby incurred and will

continue to incur costs, expenses, expert witness fees, and attorneys fees which should be required to be paid by FTI pursuant to Idaho Code §§ 12-120(3) and/or 121; and 29 U.S.C. § 2617(a)(3).

## PRAYER FOR RELIEF

A. All wages and benefits Plaintiff would have received absent the actions of the Defendant, including but not limited to back pay, front pay, future pecuniary losses and prejudgment interest;

B. Compensatory damages in amount to be determined at trial;

C. Punitive damages as allowed by the application of both state and federal law as against the above-named Defendant;

D. An award of reasonable attorney fees, costs and litigation expenses as provided by the application of both state and federal law; and

E. Such other relief as the Court may deem just or equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury as to all issues triable to a jury in this action as set forth more fully above pursuant to applicable state and federal law.

DATED this 20th day of April 2018.

                                              HEARN LAW PLC

                                              /s/
                                              JOHN J. BULGER
                                              Attorney for Plaintiff

COMPLAINT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of April 2018, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Faith Technologies, Inc.
225 Main Street
Menasha WI 54952

Registered Agent:
National Corporate Research, Ltd.
921 S Orchard Street. Ste. G
Boise ID 83705

Brett Harris
13341 Walton Road
Pocatello ID 83202

/s/
JOHN J. BULGER

COMPLAINT